```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF GEORGIA
                       WAYCROSS DIVISION

DR. SHERILONDA GREEN,           *
                                *
     Plaintiff,                 *
                                *
          v.                    *    CV 522-053
                                *
CHARLTON COUNTY SCHOOL          *
DISTRICT, et al.,               *
                                *
     Defendants.                *
```

O R D E R

Presently pending before the Court is Defendants' motion for more definite statement and to strike immaterial allegations of Plaintiff's First Amended Complaint (the "Complaint"). (Doc. 20.) For the following reasons, Defendants' motion is **GRANTED IN PART AND DENIED AS MOOT IN PART**.

I. BACKGROUND

Plaintiff filed the Complaint on October 19, 2022, asserting four claims: (1) retaliation for opposing racially discriminatory employment practices, in violation of the Civil Rights Act of 1866; (2) retaliation for participating in a proceeding in violation of the Civil Rights Act of 1866; (3) disparate treatment in violation of the Civil Rights Act of 1866; and (4) equal protection under the Fourteenth Amendment to the United States Constitution. (Doc.

16, at 30-39.) All four claims are asserted against all Defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983. (Id.; Doc. 24, at 5.) Jurisdiction is conferred on this Court based on 28 U.S.C. §§ 1331, 1343 because the controversy arises under the laws of the United States. (Doc. 16, at 3.) Venue is proper in this Court under 28 U.S.C. § 1391 because this is the district in which Defendants reside or do business and where a substantial part of the events giving rise to Plaintiff's claims occurred. (Id.) An overview of the underlying facts is as follows.

Plaintiff brings this civil rights action arising out of workplace conduct caused and perpetuated by the Charlton County School District (the "School District"), members of the Charlton County Board of Education, and the School District's former superintendent, Dr. Lindsey Lairsey, in violation of Plaintiff's rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and the Fourteenth Amendment. (Id. at 2.) Plaintiff seeks redresses for racially motivated conduct she experienced, and a charge of discrimination was pending determination by the United States Equal Employment Opportunity Commission ("EEOC") as of the filing of the Complaint. (Id.)

Plaintiff is an African American female and is employed as the Director of Human Resources and Student Services for the School District. (Id. at 4.) She is an accomplished educator who has

2

"devoted her entire life and the majority of her professional career to Charlton County Schools." (Id. at 6.) The School District has a long history of subjecting African American educators, like Plaintiff, to unlawful discrimination, and has never had an African American female principal or superintendent. (Id.) The Complaint goes on to rehash various occurrences from 2013-2020 in which Plaintiff believes she was mistreated due to her race. (Id. at 15-27.)

On November 15, 2022, Defendants filed a motion for more definite statement and to strike immaterial allegations in Plaintiff's Complaint. (Doc. 20.) On December 13, 2022, Plaintiff responded in opposition of the motion. (Doc. 24.) On January 10, 2023, Defendants filed a reply brief in support of their motion. (Doc. 29.) Based on this, the motion has been fully briefed and is ripe for the Court's review.

## II. DISCUSSION

Defendants assert Plaintiff's Complaint is a shotgun pleading, requesting an order requiring Plaintiff to replead her claims, and additionally request an order striking from Plaintiff's Complaint irrelevant allegations pertaining to the historical accounting of race discrimination in the United States. (Doc. 20, at 1-2.) In response, Plaintiff argues she "is the master of the complaint and as such, she controls what claims to

3

assert, or not to assert." (Doc. 24, at 1 (citation and quotations omitted).) Furthermore, she argues Defendants do not need a more definite statement to know who and what they are being sued for, and as such Defendants' motion should be denied. (Id. at 2.) In their reply brief, Defendants again assert Plaintiff's Complaint is a shotgun pleading, and argue her response does not contest the law governing such pleadings. (Doc. 29, at 3.)

A. Legal Standard

The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b). See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively

4

rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. A pleading must only qualify as one of these four types to be an impermissible shotgun pleading.[1]

## B. Shotgun Pleading Analysis

The Court finds multiple of the shotgun pleadings sins are committed throughout Plaintiff's Complaint. First, all four claims adopt the allegations of all preceding claims without clearly describing their association with the specific offense alleged, in violation of the first sin. (See Doc. 16, ¶¶ 90, 101, 110, 119.) Further, the Complaint recounts numerous events over numerous years; however, at no point does Plaintiff specifically link these events to the various claims she asserts. Defendants argue "it is virtually impossible to know which allegations of fact are intended to support which claims for relief" and it would be "extremely difficult, if not impossible, for Defendants to respond, let alone respond meaningfully, to each count" if the Complaint stays as currently pled. (Doc. 20, at 4-5 (citation omitted).) In response, Plaintiff argues that based on prior litigation in state court, Defendants have all pertinent

---

[1] In her response to Defendants' motion, Plaintiff attempts to argue that the correct legal standard is whether her Complaint is "intelligible." (Doc. 24, at 7.) However, this is not the legal standard the Court uses for its analysis of a shotgun pleading.

5

information needed to respond to her Complaint. (Doc. 24, at 10.) Furthermore, she asserts "Defendants cannot play 'dumb' without making a false representation before the Court to suggest or imply . . . [they] are confused as to who engaged in bad conduct against Plaintiff or what the bad conduct was as they all witnessed this laid out at [the state court] trial." (Id. at 3.)

Because Plaintiff reincorporates all of the preceding paragraphs of the Complaint into each claim, it is extremely difficult to determine which of Plaintiff's facts relate to each of her claims. Furthermore, the claims consistently contain conclusory language without specifically alleging which facts relate to the required elements of which claim. The Complaint also violates the fourth sin because Plaintiff asserts all four of her claims against all of the Defendants "without specifying which of the [D]efendants are responsible for which acts." Weiland, 792 F.3d at 1323. Plaintiff sued the School District, superintendent, and all board members, so Defendants argue "[t]here is no discernible way of determining which of the seven defendants, whether one or more, and, if more, which ones, have engaged in conduct or omissions giving rise to each of the four separate claims for relief." (Doc. 20, at 6-7.) Plaintiff again asserts the Defendants should be able to ascertain which claims are against them because of the prior state court litigation. (Doc. 24, at 2-3.) However, this argument is without merit because the Complaint

itself does not contain the information required for a satisfactory pleading. The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming in this particular lawsuit and frame a responsive pleading, meanwhile allowing the Court to determine whether plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320 (citation omitted). The district court is not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation and citation omitted). Defendants are not required to rely on their alleged knowledge outside the four corners of the Complaint to draft a responsive pleading. Additionally, the Court is without any knowledge of the background information from the state court action upon which Plaintiff relies, so it is unable to ascertain whether Plaintiff has successfully stated a claim for relief in this case. As such, the Court finds Plaintiff's Complaint also violates the fourth sin.

Finally, Defendants argue Plaintiff's Complaint violates the second sin because it "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (Doc. 20, at 7 (quoting Weiland, 792 F.3d at 1321).) Specifically, Defendants reference Plaintiff's historical account of discrimination in the south, and her contentions regarding the

7

social and cultural effects on educational institutions. (Id. (citing Doc. 16, ¶¶ 17-25).) In response, Plaintiff argues these historical facts from the past 136 years show that the systemic racism by the School District and the board of education against Plaintiff did not operate in a vacuum. (Doc. 24, at 11.) Plaintiff asserts this is relevant evidence and compelling for her claims. (Id.) The Court agrees with Defendants because there is no way to ascertain how 136 years' worth of history is relevant to the four claims Plaintiff asserts. As the Eleventh Circuit has made clear, extraneous materials which are not connected to any particular cause of action violate the second sin of a shotgun pleading. See Weiland, 792 F.3d at 1322. As such, the Court finds Plaintiff's historical recount, which she fails to connect to any of her claims within the Complaint, is extraneous.

Shotgun pleadings "exact an intolerable toll on the trial court's docket . . . and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997). Shotgun pleadings frustrate this policy. Consequently, when a party files a shotgun pleading, the Eleventh Circuit instructs district courts to strike the pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (citation omitted). As required, the Court will give Plaintiff one chance to fix her

defective Complaint. See Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) ("When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." (citing Vibe Micro, 878 F.3d at 1296)). However, if Plaintiff fails to comply with the Court's Order, any "continued impermissible pleadings warrant dismissal with prejudice." Hirsch v. Ensurety Ventures, LLC, 805 F. App'x 987, 992 (11th Cir. 2020) (citation omitted); see also Cummings v. Mitchell, No. 20-14784, 2022 WL 301697, at *2 (11th Cir. Feb. 2, 2022) ("[D]istrict courts have inherent authority to control its docket and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure." (citing Weiland, 792 F.3d at 1320)).

Based on the foregoing, Plaintiff is **DIRECTED** to file a second amended complaint within **FOURTEEN (14) DAYS** of the date of entry of this Order. Plaintiff should ensure her second amended complaint complies with Rules 8(a)(2) and 10(b). Specifically, Plaintiff must set forth each of her claims as separate counts and clearly allege the appropriate facts under each of the claims. Each claim should be stated plainly and succinctly, and Plaintiff should avoid conclusory and vague statements and only state the specific facts that support each claim. Plaintiff should also eliminate extraneous material from her second amended complaint.

Finally, Plaintiff should clarify which allegations apply to each specific Defendant instead of haphazardly grouping all Defendants in every allegation. Based on the foregoing, Defendants' motion for more definite statement is **GRANTED**.

### C. Motion to Strike

Defendants also move the Court to strike Plaintiff's irrelevant allegations pertaining to her historical accounting of race discrimination in the United States and her contentions on the historical, social, and cultural effects of race discrimination in school districts across the country. (Doc. 20, at 10.) In response, Plaintiff argues this motion should be denied because the allegations of her Complaint did not operate in a vacuum, and this is not an isolated event. (Doc. 24, at 11.) As such, Plaintiff argues the historical recount is "absolutely relevant as compelling evidence to her claims." (Id.)

The Court already found Plaintiff's Complaint to be a shotgun pleading and is requiring Plaintiff to file a second amended complaint. Because the Complaint will no longer be the operative pleading, Defendants' request to strike is **DENIED AS MOOT**.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for more definite statement and to strike immaterial allegations (Doc. 20) is **GRANTED IN PART AND DENIED AS**

10

**MOOT IN PART**.  Plaintiff is **DIRECTED** to file a second amended complaint within **FOURTEEN (14) DAYS** of the date of this Order in compliance with the Court's instructions as outlined above.

**ORDER ENTERED** at Augusta, Georgia, this \_\_11th\_\_ day of September, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA